UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDDIE JAMES WILLIAMS**  CIVIL ACTION

**VERSUS**  NO. 18-916

**DET. DAVID LOWE, ET AL.**  SECTION: "B"(1)

## REPORT AND RECOMMENDATION

Plaintiff, Eddie James Williams, a state inmate, filed this federal civil rights action against Detectives David Lowe and John Wiebelt. In this lawsuit, plaintiff claims that the defendants used excessive force to effect his arrest. In his complaint, he states his claim as follows:

> On July 11, 2017, I, Eddie J. Williams was a victim of police brutality. On Manhattan Blvd. in the 900 block. In the middle lane of traffic, Det. Lowe and Det. Wiebelt use excessive force to arrest me. Both agents approached my car with guns drawn. Wiebelt opened my car door. Then maliciously punched me in the right eye, busting a vessel. Both agents struggle to get me out of the car for 5 - 10 mins without realize I was in the seatbelt. As soon as I hit the ground agents continued the assault. Punching, kicking and poking me with clubs or flash lights. To the point I urinated all over myself. Immediately after the assault I was rushed to University Hospital for pain in abdomen, lacerations to the lips and other facial injuries.[1]

The defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] Plaintiff has opposed that motion.[3] For the following reasons, the undersigned United States Magistrate Judge finds that the defendants are entitled to judgment as a matter of law and, therefore, recommends that the motion be granted.

In reviewing a motion for summary judgment, a court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.

---

[1] Rec. Doc. 1, pp. 4-5.
[2] Rec. Doc. 17. The motion is styled as a motion to dismiss pursuant to Rule 12(c) or, alternatively, for summary judgment pursuant to Rule 56. Because the defendants presented matters outside the pleadings for the Court's consideration, the motion will be considered under Rule 56. See Fed. R. Civ. P. 12(d).
[3] Rec. Doc. 21.

R. Civ. P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotation marks omitted); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  A court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.  Id.; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

As noted, plaintiff claims that the defendants used excessive force to effect his arrest on July 11, 2017.  However, in connection with that arrest, a bill of information was filed in the Louisiana Twenty-Fourth Judicial District Court on September 15, 2017.  In that bill of information, plaintiff was charged with, *inter alia*, the crime of battery upon police officers,

namely defendants Lowe and Wiebelt, in violation of La. Rev. Stat. 14:34.2.[4] On April 9, 2018, plaintiff pleaded guilty to that charge and was sentenced to a term of six months imprisonment.[5]

In light of that conviction, the defendants argue that plaintiff's excessive force claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). The defendants are correct.

In Heck, the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).

In Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996), the United States Fifth Circuit Court of Appeals held that a Louisiana defendant convicted of battery on a police officer is barred by Heck from seeking damages for the alleged use of excessive force by that same officer based on the same incident. The Fifth Circuit reasoned:

> In Louisiana, self-defense is a justification defense to the crime of battery of an officer. See LSA-R.S. 14:19; Louisiana v. Blancaneaux, 535 So.2d 1341 (La.App. 1988) (discussing justification defense to battery of officer conviction). To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Blancaneaux, 535 So.2d at 1342.

---

[4] Rec. Doc. 17-5, p. 7.
[5] Rec. Doc. 17-6, p. 1.

> Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the defendants] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction. We conclude therefore that to the extent that [plaintiff] seeks to recover from [the defendants] for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.

Id. at 873 (footnote omitted).

The same is true in the instant case. In connection with his charge of battery upon police officers, plaintiff could have elected to urge a defense that the force used by Lowe and Wiebelt was unreasonable in light of the circumstances and that his physical response was therefore warranted. He did not raise such a defense in the state court proceedings, and the doctrine of Heck bars him from doing so at this time in this federal court under the guise of a civil rights suit. Therefore, plaintiff's excessive force claims against Lowe and Wiebelt are barred by Heck as a matter of law and should be dismissed.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the defendants' motion for summary judgment, Rec. Doc. 17, be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.[6]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[6] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of August, 2018.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**