UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDDIE JAMES WILLIAMS**                                  **CIVIL ACTION**

**VERSUS**                                                 **NO. 18-916**

**DET. DAVID LOWE, ET AL.**                                **SECTION: "B"(1)**

## ORDER AND REASONS

Before the court are Plaintiff's objections to the Magistrate Judge's Report and Recommendation granting Defendants' motion for summary judgment and dismissing Plaintiff's claims (Rec. Doc. 23), and Defendants' Response to Plaintiff's objections (Rec. Doc. 24). For the reasons discussed below,

**IT IS ORDERED** that the objections (Rec. Doc. 23) are **OVERRULED** and the Magistrate Judge's Report and Recommendation are **ADOPTED** as the Court's opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 11, 2017, Plaintiff was arrested by the Jefferson Parish Sheriff's Office. *See* Rec. Doc. 22 and 24-1. On September 15, 2017, Plaintiff was charged in two separate bills of information. See Rec. Doc. 17-1. On April 9, 2018, Plaintiff pled guilty to reckless operation of a motor vehicle, resisting arrest, and battery on a peace officer causing injury. *See* Rec. Doc. 17-6 at 1. Subsequently, on April 11, 2018, Plaintiff also pled guilty to illegal possession of prescription narcotics, possession of

heroin, and being a felon in possession of a firearm. *See id.* at 6.

On January 29, 2018, Plaintiff filed a complaint in federal court under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when the defendants used excessive force during Plaintiff's arrest. *See* Rec. Doc. 1. According to Plaintiff, Defendants Detectives Lowe and Wiebelt approached his car with their guns drawn, punched him in the right eye, busted a vessel, and kicked and punched him multiple times while on the ground. *See id.* On June 14, 2018, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(c) or alternatively, for summary judgment pursuant to F.R.C.P. 56. Rec. Doc. 17. On August 24, 2018, Magistrate Judge Janis Van Meerveld reviewed Defendants' motion for summary judgment[1] and recommended it be granted and Plaintiff's claims be dismissed with prejudice. *See* Rec. Doc. 22 at 4.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[1] Although Defendants filed a motion to dismiss pursuant to Rule 12(c), or, alternatively, for summary judgment pursuant to Rule 56, Magistrate Judge Meerveld construed it as a motion for summary judgment, because Defendants presented matters outside the pleadings. *See* Rec. Doc. 22 at 1 n.2.

to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Conclusory statements, speculation, and unsubstantiated assertions are not enough for the non-movant party to meet his or her burden. *See Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.*, 715 F. App'x 351, 353 (5th Cir. 2017).

To determine whether there is a genuine issue of material fact, the court must determine if Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). If they are, then summary judgment is appropriate as there are no genuine issues of

3

material fact. In *Heck*, the Supreme Court held that a prisoner may not bring a § 1983 suit if judgment in favor of the plaintiff would "imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. *See also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000).

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck,* 512 U.S. at 486-87.

The *Heck* court found that this policy avoids duplicate litigation and conflicting results arising out of the same or identical transaction. *See id.* at 484. "The *Heck* doctrine bars the court from entertaining a suit for damages under § 1983 where such claims would necessarily undermine the validity of the state court criminal conviction." *Curran v. Aleshire*, 67 F. Supp. 3d 741, 747 (E.D. La. 2014) (citing *Buckenberger v. Reed*, 342 F. App'x 58, 61 (5th Cir. 2009)). However, a claim would not be barred by *Heck* if the facts underlying the state criminal court conviction are "temporally and conceptually distinct from the excessive force claim." *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

In *Curran*, the court found that the plaintiff's excessive force claims were not Heck-barred. *See Curran*, 67 F. Supp. 3d at

750. In that case, the plaintiff battered the defendant outside of the school's auditorium, which led the defendant to later push the plaintiff against a wall and place her in handcuffs. *Id.* at 749. Then, while the defendant was bringing the plaintiff to another room, the defendant again pushed the plaintiff against a wall in the hallway. *Id.* The defendant argued that Plaintiff's excessive force claims were barred under *Heck*, because such claims would undermine the validity of her adjudication for battery of a police officer. *See id.* at 747. However, the court disagreed and found that the incidents underlying Plaintiff's excessive force claims took place after the battery of the officer. *Id.* at 750. There was no evidence that the plaintiff was attempting to flee, evade arrest, or resist arrest when she was subjected to excessive force. *Id.* Because the charged crime, the battery of a police officer, was over at the time of Defendant's use of force, the plaintiff was permitted to bring her excessive force claims. *Id.*

On the other hand, in *Buckenberger*, the court found that Plaintiff's excessive force claim was barred not only by *Heck*, but also by the Fifth Circuit's decision in *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). *See Buckenberger*, 342 F. App'x at 64. In *Buckenberger*, the plaintiff kicked, spat at, and threatened the police officer as the officer attempted to place the plaintiff in handcuffs. *Id.* at 60. The plaintiff pled guilty to battery; however, following his conviction, the plaintiff alleged that the

5

officer used excessive force in his arrest. *Id*. The court found that because self-defense is a justification defense to battery of an officer, an excessive force claim against the arresting officer, if proved, would imply the invalidity of the plaintiff's arrest and conviction for battery of an officer. *Id.* (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)). Therefore, the court dismissed the plaintiff's excessive force claim as barred by the court's holding in *Hudson*.

In the present case, Plaintiff was charged with battery upon a police officer, specifically, Detectives David Lowe and John Wiebelt, and entered a plea of guilty. *See* Rec. Docs. 17-5 at 7 and 17-6 at 1. In Plaintiff's objections to the Magistrate's Report and Recommendation, Plaintiff asserts that his guilty plea to battery of a police officer was in connection with another officer, and not the named defendants in the present case. *See* Rec. Doc. 23. However, a review of the state record shows that count 3 of the bill of information, which charges Plaintiff with battery of a police officer and to which Plaintiff pled guilty, specifically names the defendants Detectives Lowe and Wiebelt. *See* Rec. Docs. 17-5 at 7, 17-6 at 1. Thus, Plaintiff's assertion is without merit and contradicted by the state court record.

In addition, like the plaintiff in *Buckenberger*, the plaintiff in the present case pled guilty to battery of a police officer. Thus, Plaintiff is barred from seeking damages for alleged

6

excessive force by the same officers against whom Plaintiff pled guilty to committing battery. In Louisiana, self-defense is a justification defense to the crime of battery. The defendant, who is charged with battery, must show that his use of force "was both reasonable and necessary to prevent a forcible offense against him." *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (reversed on different grounds). Like the court found in *Buckenberger*, a self-defense justification to a charge of battery upon a police officer would potentially undermine the plaintiff's arrest and conviction for battery. This is because self-defense raises the questions of whether the police used reasonable force, the degree to which the defendant resisted, and whether the defendant was justified in resisting. *See id*. This would undermine the defendant's convictions for battery of a police officer and resisting arrest. However, the plaintiff in the instant case did not raise the issue of self-defense in the state court proceedings; he did not argue that Defendants' use of force was unreasonable and that his response was justified.

Lastly, unlike the plaintiff in *Curran*, Plaintiff does not present summary judgment type evidence that the excessive force occurred after the completion of the battery of the officer. The police reports state that officers restrained Plaintiff as he resisted arrest and battered the officers. *See* Rec. Doc. 17-4. Plaintiff was charged based on those facts with battery of a police

officer, and then entered a guilty plea. *See* Rec. Docs. 17-5, 17-6. In signing a guilty plea, Plaintiff admitted the charges brought against him were true. Plaintiff's conclusory and unsubstantiated allegations, all in contradiction to his state court plea, fail to show that a genuine issue exists as to whether the alleged excessive force occurred after his battery of the officers.

Thus, because Plaintiff has offered no evidence that the facts surrounding his conviction are "temporally and conceptually distinct from the excessive force claim," and that his conviction has either been reversed or declared invalid, Plaintiff's claims are barred under *Heck*.

New Orleans, Louisiana, this 13th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE